UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CEDRIC DEWAYNE HARGRAVE

CRIMINAL ACTION

NO. 00-52-JJB

**RULING AND ORDER**

This matter is before the court on defendant's motion (doc. 405) to modify his fine under 18 U.S.C. §3572(d)(3). The court finds that this request should be denied.

The court has denied two previous motions relative to the same issues. In support of the present motion, Hargrave argues that the judgment does not specify how much he must pay, or whether he must begin making payments while he is incarcerated. Hargrave contends that the court has improperly delegated the authority to establish a payment schedule to the Bureau of Prisons, citing cases in support of this argument. Finally, Hargrave argues that there has been a substantial change in his economic circumstances which constitutes grounds for a modification or waiver of the fine.

The court finds that "improper delegation" argument lacks merit because the judgment against Hargrave provides that payment of the total fine and other criminal money is payable in a lump sum of $40,400 due immediately.[1] Under 18 U.S.C. §3572, the court may order the immediate payment of fines **or** the court may elect to provide "for payment on a date certain or in installments." It has been the long-standing practice of this court to

---

[1] This amounts to an error in sentencing that defendant should have made on appeal rather than by way of §3572(d)(3). See, *U.S. v. Colin*, 2011 WL 2600482 (S.D. Tex. 2011). Moreover, the Fifth Circuit has found that there is no impermissible delegation of authority when the sentencing court orders immediate payment rather than setting a payment schedule. *Bloch v. Lake*, 183 Fed. Appx. 471 (5th Cir. 2006).

order the immediate payment of restitution and fines, which simply means that payment must be made "'to the extent that the defendant can make it in good faith, beginning immediately.'" *U.S. v. Buck,* 470 Fed. Appx. 304, 305 (5th Cir. 2012), citing *U.S. v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008).

This practice allows defendants to participate in the BOP's Financial Responsibility Program. Because the FRP is a voluntary program, any payment schedule set by the BOP does not conflict with the court's immediate payment order. *Ellis* at 739. The court does not find that defendant's participation in the FRP imposes an undue hardship upon him. Additionally, the court fails to find any substantial change in defendant's economic circumstances which would warrant modification or waiver of the fine.

Accordingly, the motion (doc. 405) to modify fine is hereby DENIED.

Baton Rouge, Louisiana, August 21, 2013.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA